## Marie Fick et al. v. W. H. Armstrong, Administrator.

WIDOW'S AWARD—*what does not constitute laches barring claim for.* Inaction for eighteen months does not constitute laches which will bar the right to a widow's award.

Petition for sale of real estate to pay debts. Appeal from the County Court of Massac County; the Hon. LANNES P. OAKES, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

H. A. EVANS, for appellants.

FRED R. YOUNG, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a decree rendered in the County Court of Massac county, granting a petition filed by appellee, as administrator of the estate of Henry Fick, deceased, against appellants for an order to sell real estate to pay debts. The case arose on the following uncontroverted state of facts:

· Henry Fick, while occupying with his wife, as a homestead, a small tract of land in said county, of less value than $1,000, died intestate on November 8, 1903. He left no children, and his heirs at law in addition to his wife, Rosa M. Fick, who survived him, were his mother, three brothers and a sister. His property, in addition to the homestead above mentioned, consisted of an undivided interest in a small amount of real estate, which was subject to a life estate and about $50 worth of personal property. Henry Fick had no indebtedness at the time of his death and his widow took out no letters of administration on his estate. She, however, borrowed $23 to assist her in paying the funeral expenses, giving a mortgage to secure the same upon the homestead. She appropriated the personal property to her own use and continued to reside upon the homestead until her death, which occurred on May 11, 1905. On July 3, 1905, Fred R. Young was duly appointed and quali-

fied as administrator of her estate and the following month, appellee became administrator of the estate of Henry Fick. On September 12 following, the appraisers who had been duly appointed in the husband's estate estimated the widow's award at $768, and that amount was allowed to Fred R. Young, as administrator of the estate of Rosa M. Fick, for her award and this allowance was on November 10, 1905, approved by the County Court. The administrator of Rosa M. Fick elected to take the whole of said award in money. Appellee, at the May term, 1906, of the County Court, filed his petition for an order to sell the former homestead premises to pay the amount of said award and costs of administration. The County Court granted the prayer of the petition and ordered the premises sold for the purposes named, but found that as Rosa M. Fick had in her lifetime appropriated the $50 worth of personal property left by her husband, her administrator was only entitled to $718 on the award. The decree also found that the mortgage given by Rosa M. Fick upon said premises was still unpaid and that there was due upon the note which the same was given to secure the sum of $24.62. Appellants, who are the heirs at law of Henry Fick, deceased, have brought the case to this court to review the order and decree of the County Court.

Appellants insist that at the death of Henry Fick, his widow had the right to pursue one and only one of the two courses which were open to her in reference to the homestead premises. One was to abandon the homestead and subject the property to the payment of her award, and the other to claim the homestead and abandon her right to have it sold to pay the award. They assert that by keeping the homestead, the widow made her election and that the premises cannot now be sold to pay her award. It is not to be conceded that the statement of appellants as to the rights of the widow is strictly correct, but even if it were, the facts in this case do not show such an election on the part of the widow to keep the homestead and abandon her award as would have precluded her from asserting her right to have

her award set off to her at any time, unless the circumstances were such that she should be barred by laches.

It is claimed by appellants that she was guilty of laches in not having her award set off to her, but as she lived only about eighteen months after the death of her husband, that time was too short in our opinion to cause her claim to an award to be barred by laches had she sought to enforce it. The right of the widow to claim her award still existed at the time of her death and could therefore be asserted by her administrator for the benefit of her estate.

The order and decree of the court below, granting the prayer of appellee's petition, was proper and is accordingly affirmed.

*Affirmed.*